

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DKK/ICR/FJN   *271 Cadman Plaza East*
F. #2021R00059   *Brooklyn, New York 11201*

April 26, 2021

By ECF

The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Brendan Hunt
               Criminal Docket No. 21-086 (PKC)

Dear Judge Chen:

      The Court should deny the defendant's motion to admit his own self-serving post-arrest statement. (See Dkt. No. 80.) The defendant contends that the statement is relevant to show his "state of mind that it was deeds not words that would place Members of Congress in fear." (Id.) That argument is flawed for two reasons.

      First, the defendant's state of mind is not relevant in this case after the completion of the charged crime. See, e.g., United States v. Harris, 733 F.2d 994, 1001 (2d Cir. 1984) (defendant's statements made "during the period of time of the time charged in the Indictment" should have been considered for his state of mind). The defendant's statement on January 19, 2021, does not disclose his state of mind on or before January 8, 2021.[1]

---

[1] The defendant also relies on United States v. Biaggi, 909 F.2d 662, 690 (2d Cir. 1990), which held that a defendant's rejection of "an offer of immunity on the ground that he is unaware of any wrongdoing about which he could testify" is "probative of a state of mind devoid of guilty knowledge." But the rejection of an offer of immunity is far different from a self-serving statement made after arrest—the rejection of immunity is a significant action in its own right.

   Second, the defendant's actual statement—"I wasn't at the Capitol"—says nothing about any belief he had related to the charged conduct, including what the defendant believes might instill fear in a member of Congress. At most, the statement could be read to suggest that the defendant did not believe that his threats to kill members of Congress were illegal. But ignorance of the law is not a defense to 18 U.S.C. § 115, and arguing otherwise would simply confuse and mislead the jury. See Fed. R. Evid. 403.

                Very truly yours,

                MARK J. LESKO
                Acting United States Attorney

          By:  /s/ David K. Kessler
             David K. Kessler
             Ian C. Richardson
             Francisco J. Navarro
             Assistant U.S. Attorneys
             (718) 254-7000

cc:  Clerk of the Court (PKC) (by ECF)
    Defense counsel (by ECF)