**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

August 20, 2021

By ECF and E-Mail
The Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v. Brendan Hunt*, 21-cr-0086-PKC

Your Honor:

In advance of today's 4:00 p.m. remote conference, we respectfully write to detail our response to the position of the Civil Division set forth at ECF 116. The Civil Division asks the Court not to endorse the requested subpoena for Bureau of Prisons records, and while it does not say it will move to quash said subpoena, cites *Touhy* as a justification for delay so that it may review the defense request for records.

We ask that the Court endorse the subpoena, and if the MDC, through Civil Division counsel, files a Motion to Quash we can litigate that. The request is for materials documenting Mr. Hunt's disciplinary record and his security at MDC Brooklyn, some portion of which were produced to the Criminal Division of the U.S. Attorney's Office without extended delay in connection with the March, 2021, bail hearing. ECF 23-25. The Government claims it needs an additional 30 days to decide whether to produce the kind of documents, videos and audio tapes, it quickly produced to the other side, and to review further materials we requested, which we have a good faith belief will include exculpatory materials demonstrating a pattern of unlawful treatment of Mr. Hunt.

As set forth below, we urge the Court to deny the Government's request for an extension as unnecessary, untimely, and prejudicial to Mr. Hunt's ability to prepare for sentencing.

**Background**

On July 21, 2021, we notified the Court at the in-person conference held that day that Mr. Hunt had been again subjected to unlawful force by the same Lieutenant who had used unlawful force to pepper spray Mr. Hunt and his cellmate on February 24, 2021.

1

On July 23, 2021, the defense served by email to MDC Legal Department a Letter of Intent to request and to seek preservation of records relating to Mr. Hunt's treatment at the M.D.C, including these two incidents and others, and identifying further concerns about his safety.

On July 26, 2021, at 8:30 a.m., Ms. von Dornum (the head of our office), forwarded the July 23, 2021, email, citing her institutional concerns about the events occurring at MDC to the following recipients: Eichenholtz, Seth (USANYE) Seth.Eichenholtz@usdoj.gov, a10johnson@bop.gov; Nicole McFarland <nmcfarland@bop.gov>; Sophia Papapetru <spapapetru@bop.gov>; Jan A. Rostal; Leticia Olivera; bro-execassistant@bop.gov.

On July 26, 2021, at 8:45 a.m., Mr. Adam Johnson, Deputy Regional Counsel, Northeast Regional Office, kindly replied that now that MDC is fully staffed he was no long assisting in day-to-day operations at MDC, he had notified BOP Regional Counsel, who is tasked with that responsibility, of the matter.

On July 29, 2021, the defense emailed its *Touhy* request to MDC Legal, a copy of which is included on the docket at ECF 114-2, and noticed the Court and all counsel of record of the request.

On August 18, 2021, the defense refiled the original subpoena for the Court's "So Order." ECF 115. On August 19, 2021, three weeks after being noticed about these issues by *Touhy* request and emails the Civil Division filed a letter on this docket asking the Court to delay consideration of this "So Ordered" subpoena for 30 days in order to "review" the request that it has been on notice of for three weeks. ECF 116.

**There is No Legal Basis for Government's Request for Delay**

The Government has demonstrated no legal impediment to this Court's endorsement of the subpoena. There is precedent in this district for requiring the MDC Brooklyn to produce records under Court order. *See United States v. Cruz*, No. 19-CR-02 (ERK), ECF No. 156; *United States v. Campbell*, No. 18-CR-467 (LDH), ECF Order Dated June 5, 2020. That the Government would naturally prefer not to respond to a Court-ordered subpoena is an insufficient basis for its opposition.

The MDC has had ample time to consider the request. The records are undisputedly in the exclusive control of the BOP and stored and maintained in the ordinary course of business. Moreover, the request for delay is baseless given that the BOP *already produced* the most sensitive of these materials – the videotape of the pepper-spray incident – to the Criminal Division of the U.S. Attorney's Office in March, 2021, and that office in turn produced whatever subset of these materials it thought relevant to the defense in connection with the March 26, 2021 bail hearing. Indeed, from the video footage we were provided -- which showed only one angle

of the pepper-spray incident and that from *outside* the cell -- we were able to offer evidence at the bail hearing disputing of Lieutenant Kietzman's hearsay version of events. We also offered Mr. Hunt's sworn testimony at the hearing, easily establishing a good faith basis to believe that certain materials exist that were *not* produced in connection with the pepper-spray incident, such as records, logs, and video documentation showing the Lieutenant and his assistants were, as claimed, conducting routine cell searches that day that he pepper-sprayed Mr. Hunt and his cellmate. In the end, Your Honor chose not to rely on the facts as presented by the MDC at the bail hearing.

The inmate Disciplinary File would contain easily accessible materials that post-dated that March 2021 production. There is no reason these cannot be produced expeditiously to the Defense. Furthermore, we cannot rely *only* on the previously produced documents because the defense has no confidence that it has received the full universe of materials necessary to contest the Lieutenant's explanation for the pepper-spray assault, which is why we now independently seek materials that both pre-dated and post-dated March 26, 2021, via the formal subpoena process. For example, we seek records relating to the July 13 assault on Mr. Hunt and the conditions of confinement that are relatedly sought in the subpoena, as well as the basis for security decisions that have placed Mr. Hunt in harm's way despite the assurances from this Court and the Government that he would not be moved to general population. We continue to have concerns that because of the racial tensions instigated by an officer who falsely told Black inmates that Mr. Hunt was "KKK," Mr. Hunt is not safe in protective custody. Notably, the July 13 assault by Lieutenant Kietzman on Mr. Hunt arose directly out of efforts by the MDC to move him to general population.

We have continued to see this pattern of retaliation against Mr. Hunt, not by all guards, but by the Lieutenant and a few others. There is a sound basis for obtaining the requested materials.

Time is of the essence here as September 4, 2021, is the deadline for Defense Objections to the PSR. We need the materials in order to prepare our objections to the factual assertions regarding Mr. Hunt's disciplinary record at the MDC. If necessary, we will seek a *Fatico* hearing, as necessary to resolve disputed facts surrounding these events.

Accordingly, Mr. Hunt is entitled to these records for two reasons: (1) in order to make appropriate objections to the facts set forth in the PSR and (2) to demonstrate the conditions of his incarceration and ensure that his safety and his due process rights, and by extension those of other inmates at the MDC, are being respected, whatever their alleged crimes.

We thank the Court for its attention to this request.

Respectfully submitted,

/s/
_____
Jan A. Rostal, Esq.
Leticia M. Olivera, Esq.
Attorneys for Brendan Hunt

cc: Counsel of Record