**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

October 28, 2021

ECF and Electronic Mail
The Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   **United States v. Brendan Hunt**, 21-CR-86 (PKC)

Your Honor:

In anticipation of the sentencing submissions due November 1, 2021, we write to identify potential factual disputes that might arise with respect to guideline issues and Section 3553 factors, and that underlie our objections to the PSR. Our intent is to narrow what issues could necessitate a *Fatico* hearing at our client's November 22 sentencing hearing.

We see the factual disputes as follows:

1) whether the Government can prove the facts set forth in the MDC records referenced in ¶ 57 of the PSR from the MDC database. We submit that these materials are unreliable for use at sentencing to aggravate Mr. Hunt's sentence; and
2) whether the Government can prove the facts it contends support certain guideline enhancements/sentencing aggravating factors we opposed in our PSR Objection Letter at ECF 121.

Exhibit A (expanded factual objections to PSR), summarizes our review of materials the government already provided in this case. Exhibit A does not purport to include references to all materials relevant at sentencing. There are terabytes of materials on the defendant's digital devices and in government subpoena responses to choose from. Our challenge is deciding how much is too much for our sentencing submission. We streamlined Exhibit A for notice purposes.

Exhibit B (writings obtained by defense investigation from defendant's home after his arrest) are provided to the Court and the government for the record, although some of these materials were discussed in connection with bail hearing. We may rely on these at sentencing.

Regarding the Touhy productions, we received the last batch on 10/21/21, and upon our review we must offer the Civil Division the attached proposed Protective Order to replace the one they required for disclosure and filed at ECF 120. We signed it upon notice that we might need to invoke the escape clause of ¶ 19. We now invoke that clause and attach a Defense Proposed Protective Order for the Civil Division's consideration.

Our Proposed Protective Order is modeled on the far more reasonable Protective Order ECF 33. ECF 33 was drafted by the Criminal Division; ECF 120 was drafted by the Civil Division. We hope to resolve this without need for the Court's intervention but, failing that, we will write to the Court. For now, we provide a brief summary of our positions in the negotiations.

First, the Civil Division's Protective Order at ECF 120 violates the Fifth and Sixth Amendment in that it forces defense disclosures of work product without reciprocal government obligation in violation of *Wardius v Oregon,* 412 U.S. 470 (1973). Second, it forbids defense counsel from even *sharing* materials with our client, a clear Sixth and Fifth Amendment violation. ECF 120, ¶ 8. Third, it imposes an unusual litany of burdensome restrictions, e.g. ¶¶ 8, 9, 11, 11, 12, designed for civil cases and that conflict with criminal procedure rules and practice. Burdensome restrictions such as these would be problematic in normal times but during the pandemic unacceptably obstruct our ability to effectively represent him on issues critical to his sentencing. Paragraph 12 even requires counsel to return the materials after sentencing submissions, which prevents us from preparing and ignores the Sixth Amendment need for appellate counsel to receive the case record.

There are many other legal points to raise about the Protective Order at ECF 120, but we will make them to the government in hopes of resolution and notify the Court if negotiations fail.

Thank You for Your attention and consideration.

Respectfully submitted,<br>
/s/<br>
Jan A. Rostal, Esq.<br>
Leticia M. Olivera, Esq.

enc. (under seal and by email to parties)
Cc: Counsel of Record
    Sean P. Greene-Delgado, Esq. (USA Office, Civil Division)
    Probation Officer Gregory Giblin (EDNY)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

-against-

BRENDAN HUNT,
Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

PROPOSED PROTECTIVE ORDER
21-CR-86 (PKC)

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys and ORDERED by the Court, that:

1. Any and all materials produced to counsel for the defendant BRENDAN HUNT by the government in the above-referenced case pursuant to the government's obligations under Rule 16, 18 U.S.C. § 3500, and its Brady and/or Giglio obligations, for a sentencing hearing scheduled for November 22, 2021, and that are designated PROTECTED MATERIALS/HUNT SENTENCING, may be not be disclosed or disseminated to anyone other than the defendant, defense investigators, staff, and consultants or experts consulted by defense counsel in the above-referenced case. The defendant, defense investigators and staff, consultants and experts assisting defense counsel who receive or review Protected Materials are prohibited from further disclosing or disseminating Protected Materials and shall be informed of and bound by the entirety of this Order.

2. The defendant BRENDAN HUNT is prohibited from taking the Protected Materials into any jail facility, other than in the courthouse, or possessing any such Protected Materials or copies thereof in any such facility, except when reviewing the Protected Materials with counsel, defense investigators, or staff assisting defense counsel; and

3. All Protected Materials shall be returned to the government upon request within 30 days of the conclusion of all direct appeals and collateral proceedings.

IT IS SO ORDERED.

Dated: Brooklyn, New York

_____

United States Attorney's Office
Eastern District of New York
CIVIL DIVISION
By: Sean P. Greene-Delgado, Esq.
Assistant United States Attorney

                                                  Jan Rostal, Esq.
Leticia Olivera, Esq.
Federal Defenders of NY, EDNY
Counsel for Brendan Hunt

SO ORDERED:

_____
THE HONORABLE PAMELA K. CHEN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

DMP:DKK/ICR/FJN
F.#2021R00059

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   -against-                                           <u>STIPULATION & PROTECTIVE ORDER</u>

BRENDAN HUNT,                               21-CR-86 (PKC)
   also known as "X-Ray Ultra,"

                          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

        IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys and ORDERED by the Court, that:

        1.     Any and all materials produced to counsel for the defendant BRENDAN HUNT by the government in the above-referenced case pursuant to the government's obligations under 18 U.S.C. § 3500 and/or <u>Giglio v. United States</u>, 405 U.S. 150 (1972), including witness statements produced for a detention hearing scheduled for March 26, 2021 (collectively, "the Protected Materials") may be not be disclosed or disseminated to anyone other than the defendant, defense investigators, and staff assisting defense counsel in the above-referenced case. The defendant, defense investigators and staff assisting defense counsel who receive or review Protected Materials are prohibited from further disclosing or disseminating Protected Materials and shall be informed of and bound by the entirety of this Order.

        2.     The defendant BRENDAN HUNT is prohibited from taking the Protected Materials into any jail facility, other than in the courthouse, or possessing any such

Protected Materials or copies thereof in any such facility, except when reviewing the Protected Materials in the presence of counsel, defense investigators, or staff assisting defense counsel; and

        3.     All Protected Materials shall be returned to the government within ten days upon conclusion of these proceedings.

        IT IS SO ORDERED.

Dated: Brooklyn, New York
       March 25, 2021

                              MARK J. LESKO
                              Acting United States Attorney
                              Eastern District of New York

By:   /s/ Francisco J. Navarro
       Francisco J. Navarro
       David K. Kessler
       Ian C. Richardson
       Assistant United States Attorneys

       *Jan Rostal*     *Leticia Olivera*
       Jan Rostal, Esq.
       Leticia Olivera, Esq.
       Counsel for Brendan Hunt

SO ORDERED.

  s/Hon. Pamela K. Chen on 3/26/2021
THE HONORABLE PAMELA K. CHEN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

BRENDAN HUNT,

                Defendant.

No.: 21-cr-86 (PKC)

**[PROPOSED] STIPULATION AND ORDER FOR THE
PROTECTION OF MATERIALS AND INFORMATION**

**WHEREAS**, on July 18, 2021, the United States filed a criminal Complaint against defendant Brendan Hunt (Hunt) in the above-captioned action (Dkt. No. 1);

**WHEREAS**, following an initial appearance on January 19, 2021, the Court entered an order of detention against Hunt (Dkt. No. 4);

**WHEREAS**, following the Court's issuance of the order of detention against Hunt, Hunt has been detained by non-party Federal Bureau of Prisons (BOP), at the Metropolitan Detention Center (MDC) in Brooklyn, New York;

**WHEREAS**, on July 29, 2021, counsel for Hunt moved for a court order endorsing Hunt's proposed subpoena *duces tecum* (the Proposed Subpoena), to be served on the BOP, for production of: various BOP documents, video, and surveillance footage relating to two incidents at the MDC involving Hunt, on February 24, 2021 and July 12-13, 2021; and documents and electronically-stored information regarding Hunt and other individuals (Dkt. No. 114);

**WHEREAS**, on July 30, 2021, BOP received by e-mail from Hunt's counsel, a request, pursuant to the Department of Justice's (DOJ) *Touhy* regulations (the *Touhy* request) for the documents sought in the Proposed Subpoena;

**WHEREAS**, on August 18, 2021, counsel for Hunt filed the request for judicial

endorsement of the Proposed Subpoena anew (Dkt. No. 115).

**WHEREAS**, on August 19, 2021, the United States, on behalf of the BOP, filed a request that the Court deny Hunt's motion seeking judicial endorsement of the Proposed Subpoena on the grounds that Defendant's *Touhy* request was still under review by the DOJ, and that authorization by DOJ was required, pursuant to 28 C.F.R. § 16.21 *et seq.*, before any BOP records could be released (Dkt. No. 116);

**WHEREAS**, on August 20, 2021, counsel for Hunt filed their response in opposition to the United States' request (Dkt. No. 117);

**WHEREAS**, on August 20, 2021, the Court held a status conference in this action, at which the United States represented that: it was likely that the DOJ would authorize the release of certain documents responsive to Item Nos. 10-13 in the *Touhy* request, and that BOP could make production of the authorized disclosures by August 30, 2021; and that the DOJ anticipated that it could respond to the remainder of the requests in the Subpoena, and produce any responsive documents authorized by DOJ for disclosure by September 10, 2021;

**WHEREAS**, on the basis of the United States' representations at the conference, later the same day, the Court issued a Minute Entry, directing the Government to use its best efforts to produce documents responsive to Item Nos. 10-13 of the *Touhy* request by August 30, 2021, and to produce documents responsive to Item Nos. 1-9 of the *Touhy* request, or to object and provide explanations, by September 10, 2021;

**WHEREAS**, Hunt seeks to discover certain information and documents responsive to the *Touhy* request that are maintained by DOJ for the sole purpose of preparing to represent Hunt at his "sentencing on November 22, 2021" and "show [the Court] how Mr. Hunt has already been subject to in-prison assault, retaliation, victimization and that he is uniquely susceptible to future

victimization" (Dkt. No. 114-2);

**WHEREAS,** the information and documents sought by the *Touhy* request may contain highly confidential and sensitive material protected by various privileges, including, but not limited to, the law enforcement privilege, the official information privilege, the deliberative process privilege, as well as federal privacy laws and regulations, including, but not limited to, the Privacy Act of 1974, 5 U.S.C. § 522a (Privacy Act) and the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320(d) (HIPAA);

**WHEREAS,** the DOJ objects to the disclosure of any information or documents responsive to the *Touhy* Request unless appropriate protection for the confidentiality of such information is assured;

**WHEREAS**, the DOJ objects to the disclosure and use of any information or documents produced by DOJ as responsive to the *Touhy* Request for any purpose other than Hunt's submissions in connection with his criminal sentencing;

**WHEREAS**, in order to permit Hunt to discover certain such information and documents relevant to the subject matter of his criminal sentencing without making this confidential or privileged information public, the Court hereby enters this Stipulation and Order for Protection of Materials and Information (Protective Order) pursuant to 5 U.S.C. § 522(a)(b)(11), for the purposes of assuring the protection and confidentiality of such information and documents.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND ORDERED**, as follows:

1. This Protective Order shall apply to all documents, materials, and/or information disclosed by the DOJ to Hunt's defense counsel in response to the *Touhy* Request in the above-captioned action.

2. In response to the *Touhy* Request, DOJ may designate as "Confidential Material"

any and all documents and information that contain: information covered by the Privacy Act; the law enforcement privilege; the identity and names of BOP inmates other than Hunt; medical records; information that DOJ and Hunt agree are subject to this Protective Order; information that is deemed by DOJ as otherwise sensitive; and information that the Court directs to be produced subject to this Protective Order.  The United States and its agencies and employees are authorized pursuant to 5 U.S.C. § 552a(b)(11) to produce such records pursuant to the terms contained herein.

3. All information produced by the DOJ in response to the *Touhy* Request that is designated as "Confidential Material" in accordance with paragraph 4 below, and any portion thereof, is to be deemed "Confidential Material," unless Hunt is advised otherwise by the DOJ in writing.  The DOJ and/or its counsel are hereby authorized to produce Confidential Material pursuant to the terms contained herein.

4. "Confidential Material" shall be used solely for the purposes of this litigation, and shall not be used for any other purpose or suit, nor published to the general public in any form, or used for any business or commercial purpose.

5. Confidential Material shall be designated by placing, "Confidential Material" or an equivalent designation on the documents, records and/or information to be produced.  Any confidential designation that is inadvertently omitted following the entry of this Protective Order will not constitute a waiver of confidentiality, and may be corrected by written notification.

6. All individuals to whom documents deemed "Confidential Material" are disclosed shall be informed of and shall agree with the terms of this Protective Order; shall not disclose or use "Confidential Material" except in compliance with this Protective Order; and, acknowledge their agreement to comply with this Protective Order by signing a copy of the acknowledgement form, which is attached as Exhibit A.  A copy of each such acknowledgement form must be

4

provided promptly after its execution to counsel of record for DOJ and Hunt.

7.      The right of access to all materials deemed as "Confidential Material" shall be limited to the following authorized individuals:

(a)     counsel for Hunt, including support staff reasonably necessary to assist counsel and operating under counsel's direction, such as paralegals or legal assistants, secretaries, and any other employees or independent contractors operating under counsel's instruction or direction;

(b)     present or former employees or representatives of the United States of America or any entity who may be examined and may testify concerning any documents and information designated as "Confidential Material;"

(c)     medical, technical or other experts and consultants and their staff who are retained by any party or party's counsel to assist in this action;

(d)     qualified persons taking or recording testimony involving such documents or other information and necessary stenographic and clerical personnel thereof (for example, court reporters and video technicians);

(e)     Judges and Magistrate Judges of the Court and their staff; and

(f)     Clerk of the Court and his staff.

8.      Counsel for Hunt shall not disclose materials deemed as "Confidential Material" to Hunt or to anyone other than those individuals listed in Paragraph 7.

9.      Each person to whom documents and information that are deemed as "Confidential Material" is disclosed shall:

(a)     maintain the "Confidential Material" protected from disclosure in a secure location;

5

(b) not reveal the "Confidential Material" protected from disclosure to any person not authorized by and already subject to the terms of this Protective Order;

(c) not reveal or use the "Confidential Material" except for the purpose of assisting the parties and their counsel in preparing and litigating this action; and

(d) not duplicate or copy the "Confidential Material," except for the purpose of making a motion before the Court or for use at trial, with any copies submitted in compliance with the terms of this order.

10. Nothing in this Protective Order imposes any obligations or limits on the DOJ and/or counsel for the DOJ regarding the documents deemed as "Confidential Material," nor does this Protective Order limit or preclude in any way government personnel's rights to access and review documents and information deemed as "Confidential Material."

11. With respect to all information and documents designated as "Confidential Material" in accordance with the terms of this Protective Order and any pleadings, motions or other papers to be filed with the Court disclosing information and/or documents protected from disclosure, Hunt's attorneys shall, five business days (5) before filing such information or documents with the Court, confer with counsel for DOJ prior to making a motion to the Court requesting permission to file such information or documents "under seal." If the request is granted, the information or documents to be filed "under seal" shall be delivered to the Court either enclosed in a sealed envelope bearing the caption of the case, an indication of the nature of the contents, and stamped "Confidential – Filed Under Seal," or filed electronically using a filing option that allows the document to be filed under seal and not made accessible to the general public. If the request is denied, counsel for DOJ reserves the right to, among other things, apply independently to have the documents and information filed under seal.

12. Counsel for Hunt agrees that, should he not submit any of the "Confidential Material" supplied by the BOP as part of any sentencing submission, he will return the "Confidential Material" and all copies thereof to counsel for the BOP within fourteen (14) days following any deadline for sentencing submissions. In the event that counsel does submit all or portions of the "Confidential Material" as part of his sentencing submission pursuant to the procedures outlined in paragraph 11, however, they will become part of the Court record and counsel may retain them until the conclusion of the criminal matter. Under such circumstances, within fourteen (14) days of the conclusion of the criminal matter, counsel will return the "Confidential Material" to counsel for the BOP or certify in a signed writing addressed to counsel for the disclosing party that all "Confidential Material" has been destroyed.

13. Inadvertent production of any information or documents deemed as "Confidential Materials" without it being marked as "Confidential Materials" shall not in itself be deemed a waiver of any claim or confidentiality as to those documents or information. If the DOJ fails to mark an item as "Confidential Materials" at the time of production, the DOJ may correct this failure in writing accompanied by substitute copies of each item, container or folder, appropriately marked confidential. Within five (5) business days of receipt of such notice, Hunt's counsel shall return all such material, and copies thereof, in his, her or its possession to counsel for the DOJ.

14. This Protective Order does not constitute a ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute a ruling on any potential objection to discoverability, relevance, or admissibility of a document or information. Nor does this Protective Order constitute a ruling on the question of whether DOJ may withhold any particular document or category of information on the basis of privilege.

15. This Protective Order does not constitute a waiver of any privilege or defense that the DOJ has regarding the production of the requested information.

16. This Protective Order is without prejudice to the rights of the DOJ to make any objection to discovery permitted by the Federal Rules of Criminal Procedure, Federal Rules of Civil Procedure, or any statute or other authority. This Protective Order shall not prejudice in any way the right of the parties in this criminal proceeding or of the DOJ to apply to the Court for a further protective order relating to any confidential information. Nothing in this Protective Order imposes any obligations or limits on the DOJ and/or counsel for the DOJ regarding the documents and information deemed as "Confidential Material," nor does this Protective Order limit or preclude in any way government personnel's rights to access and review documents deemed as "Confidential Material."

17. Nothing in this Protective Order shall prohibit or limit the United States or any of its agencies or employees from using or disclosing the "Confidential Materials" as the United States, its agencies, and its employees, would otherwise be authorized to do absent entry of the Protective Order.

18. The terms of this Protective Order shall only bind counsel for the DOJ and counsel for Hunt, and shall not bind counsel representing the United States in the above-captioned criminal litigation.

19. Any party may apply to this Court at any time, upon proper notice, for a modification of this Protective Order.

20. It is contemplated that this Protective Order may be executed in any number of counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.

| | |
|---|---|
| Dated: Brooklyn, New York<br>September 10, 2021 | FEDERAL DEFENDERS OF NEW YORK, INC.<br>*Attorney for Defendant Brendan Hunt*<br>One Pierrepont Plaza, 16th Floor<br>Brooklyn, New York 11201 |

By: _____/s/ Oliveira_____
Jan Rostal
Leticia Olivera
(724) 568-7184
(646) 688-5343
jan_rostal@fd.org
leticia_olivera@fd.org

| | |
|---|---|
| Dated: Brooklyn, New York<br>September 8, 2021 | JACQUELYN M. KASULIS<br>Acting United States Attorney<br>*Attorney for Non-Party*<br>*Fed. Bureau of Prisons*<br>Eastern District of New York<br>271 Cadman Plaza East<br>Brooklyn, New York 11201 |

By: _____/s/_____
Sean P. Greene-Delgado
Assistant U.S. Attorney
(718) 254-6484
sean.greene@usdoj.gov

SO ORDERED this
__14th__ day of __September__, 2021

__s/Hon. Pamela K. Chen__
HONORABLE PAMELA K. CHEN
United States District Judge

9

# EXHIBIT A

## STIPULATION AND ORDER FOR THE PROTECTION OF
## DOCUMENTS AND INFORMATION ACKNOWLEDGMENT FORM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

BRENDAN HUNT,

Defendant.

**ACKNOWLEDGMENT FORM FOR STIPULATION AND ORDER**

No.: 21-cr-86 (PKC)

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have read and understand the provisions of the Stipulation and Order for the Protection of Documents and Information in this case, and I will comply with all of its provisions.

5. I will hold in confidence, and not disclose to anyone not qualified under the Stipulation and Order for the Protection of Documents and Information, any confidential material or any words, summaries, abstracts, or indices of documents or information designated as "Confidential Material" or "Confidential Information – Attorneys' Eyes Only" that has been disclosed to me.

6. I will limit my use of "Confidential Material" or "Confidential Information – Attorneys' Eyes Only" solely to the purpose of this lawsuit.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: _____    Signed: _____